IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRACTUS, S.A. | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:18-CV-2838-K |
| ZTE CORPORATION, | § | |
| ZTE (USA), INC., and | § | |
| ZTE (TX), INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Fractus' Amended Motion to Compel (the "Motion") (Doc. No. 144). Also before the Court is ZTE's Opposed Motion for Leave to File Sur-Reply in Opposition to Plaintiff Fractus' Amended Motion to Compel (the "Motion for Leave") (Doc. No. 168). The Court **GRANTS** the Motion for Leave. After considering the Motion, brief in support, response, reply, and sur-reply, as well as all supporting material and relevant law, the Court **GRANTS** the Motion.

This is a patent infringement case in which Fractus, S.A. ("Fractus") has alleged that the Defendants ZTE Corporation; ZTE (USA), Inc.; and ZTE (TX), Inc. (collectively, the "Defendants") have infringed certain patents assigned to Fractus. The patents in suit relate to antenna technology. The patents claim multiband antennas with particular geometric configurations so that the antennas are multilevel antennas. Fractus asserts that the Defendants, who sell cellular phones, have infringed Fractus'

patents by making, using, offering to sell, or selling phones that have antennas that are claimed inventions of the patents in suit.

In the Motion, Fractus has moved this Court to compel the Defendants to produce certain information regarding the Defendants' sales of accused devices. In particular, Fractus requests the Court to order the Defendants to produce sales records for the accused devices. Fractus argues that the Defendants' attempts to produce this information are incomplete, inconsistent, and not verifiable. Fractus further asserts that this information is critical to the issues in this case because it is necessary to prove damages. In addition to production of these records, Fractus also asks the Court to order the Defendants to designate a representative to be deposed concerning the sales data production and the accuracy and completeness of that sales data.

The Defendants respond that they have attempted to produce reliable information regarding the number of accused devices sold and have cooperated with Fractus to correct any deficiencies in the production. The Defendants originally attempted to provide this information in the form of data tables. When Fractus raised issues with these data tables, the Defendants further supplemented the data tables multiple times. The Defendants then produced a data extract from ZTE's Oracle E-Business Suite system, which the Defendants assert is an Oracle created database used by ZTE for accounting and purchase order information. The Defendants assert that since this database is used to record all purchase information related to the accused devices, the production of the data extract sufficiently provides Fractus with the

requested information. For these reasons, the Defendants argue that they should not have to produce actual sales records documents. The Defendants claim that the cost and burden to produce these records outweigh the importance of the records, since the same information is included in the data extract.

The scope of discovery is controlled by Federal Rule of Civil Procedure 26(b) which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1).

The Court first notes that the parties do not appear to dispute the relevancy of the information requested by Fractus. Fractus asserts that the requested sales documents are directly relevant to the issue at hand in this case because the information is necessary to prove Fractus' damages if infringement did in fact occur. The Defendants appear to acknowledge this because they do not contest the relevance of the information contained in the requested documents. Instead, the Defendants simply argue the burden of producing actual sales documents outweighs the need for the information because they have already produced the information in the form of a data extract. The Court finds that the requested sales records are directly relevant to the

issues in this case and holds that Fractus has a right to obtain this information through discovery.

The Court now turns to the sufficiency of what was produced. The Defendants originally produced data tables containing sales data that the Defendants originally appeared to assert provided the information needed to calculate damages. It also appears that when Fractus questioned the reliability of this data, the Defendants attempted to supplement these tables multiple times with new sales numbers. Fractus also raised issues with what Fractus perceives as a discrepancy between the numbers produced and an IDC estimate of ZTE's cellular phones sales. (IDC is a third-party industry group that provides sales estimates for various cellular phone manufacturers.) According to Fractus, this discrepancy brings into question the reliability of the data produced by the Defendants in these data tables. In addition, the data tables appear to have been produced solely for the purpose of this litigation and that some versions of this information were created by the Defendants' counsel. Fractus asserts that this also raises questions regarding the reliability of the information provided.

The Court agrees with Fractus that the data tables provided by the Defendants are insufficient as a reliable, credible response to the request for sales figures of accused devices. The Court is not persuaded, however, by Fractus' IDC argument. The IDC sales estimates are just that, estimates by a third party that does not have direct access to ZTE's sales information and that creates these estimates from some apparently proprietary method. Considering this, the fact that a discrepancy exists between the

IDC estimates and the information produced by the Defendants is not surprising. This does not mean the Defendants' information is unreliable or incorrect. The Court is concerned, however, about the fact that these data tables appear to be created solely for the purpose of this litigation and that when pressed about discrepancies and other issues with the data, the Defendants repeatedly amended the tables and changed the sales numbers. These facts seriously bring into question the reliability of this information.

The Defendants argue that the production of and the supplements to the data tables are irrelevant to the issues here because the Defendants subsequently produced data extracts from its Oracle database that reflect the sales of the accused devices. The Defendants assert that this information is directly from the Defendants' database that is used to track sales and that it is more reliable than producing actual sales records such as purchase orders because, for example, a purchase order may have been subsequently changed or cancelled. The Defendants also assert that the costs and burden to produce actual sales documents outweigh the need for the information, since the Defendants have produced the same information in the form of a data extract.

The Court is not persuaded by the Defendants' argument that the burden of production outweighs the need and importance of the information. The requested information is directly relevant to the issues of infringement and damages. This is a critical issue in Fractus' case against the Defendants. Each occurrence of a sale of a phone containing a claimed antenna may be an act of patent infringement, and for

each act of patent infringement proven, Fractus must prove damages of that infringement. For these reasons, the records of sales of the accused devices are elemental to Fractus' case against the Defendants. The sales records are not a side or ancillary issue in this case. For these reasons, the ability of Fractus to obtain credible and reliable sales information of the accused device is very important to Fractus' case.

Another consideration in determining the importance of the discovery is the parties' relative access to relevant information. The relevant information sought through this Motion are the Defendants' sales records. The Defendants have easy access to these records. Fractus does not. This consideration weighs in favor of allowing the production.

The Court is sympathetic to the Defendants' concern regarding the burden that this places on the Defendants to produce these records. The Court notes, however, that the Defendants simply make the conclusory assertion that the burden will be "extremely burdensome to ZTE." The Defendants fail to provide any actual evidence of what that burden may actually be. For this reason, the Court cannot determine the weight to place on the Defendants' assertion of "extremely burdensome." Even if the Defendants had provided evidence in support of its assertion, this does not change the fact that the requested information is pivotal to Fractus being able to fully and fairly present its case with credible and reliable information. So, it is not clear that in this situation that proof of the Defendants' extreme burden would change the Court's analysis.

The Court has also considered the other factors listed in Rule 26(b)(1) used to determine the proportionality of the discovery considering the needs of the case. These remaining factors are the parties' resources and the amount in controversy. There is no indication or argument that the parties' resources affect the Court's analysis. The amount-in-controversy factor weighs in favor of allowing the discovery because the sales records directly relate to the amount of damages claimed by Fractus.

Overall, the importance of the issues at stake in the action, the parties' relative access to relevant information, and the importance of the discovery in resolving the issues all weigh heavily in favor of allowing the discovery.

Since these factors outweigh the claimed burden on the Defendants, the Court **GRANTS** the motion. The Court **ORDERS** the Defendants to produce all documents reflecting or indicating sales of the accused devices for the time periods for which Fractus has asserted the Defendants infringed the patents in suit. The Court **ORDERS** the Defendants to produce these records within 30 days of the date of this Order. The Court also **ORDERS** the Defendants to, within 30 days of the date of this Order, designate a representative to be deposed concerning the sales data production and the accuracy and completeness of that sales data.

**SO ORDERED.**

Signed May 14th, 2019.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE