IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRACTUS, S.A. | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:18-CV-2838-K |
| ZTE CORPORATION, | § | |
| ZTE (USA), INC., and | § | |
| ZTE (TX), INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are multiple motions filed by the parties related to the striking of expert reports and testimony. These motions are Plaintiff Fractus' Motion to Strike Portions of the Expert Reports of Chris Bartone and Vince Thomas (Doc. No. 184); Defendant, ZTE (USA), Inc. ("ZTE")"s Motion to Strike Plaintiff Fractus' Expert Reports of Dr. Stuart Long (Doc. No. 200), which was filed under seal as Doc. No. 200 and also filed unsealed in redacted form as Doc. No. 186; and Defendant ZTE (USA), Inc.'s Motion to Strike the Reports and Testimony of Robert Mills Pursuant to *Daubert* [Under Seal] (Doc. No. 194), which was filed under seal as Doc. No. 194 and filed in redacted unsealed form as Doc. No. 188. After consideration of the pleadings, the arguments of the parties, the evidence of record, and the applicable law, the Court **GRANTS** in part and **DENIES** in part Plaintiff Fractus' Motion to Strike Portions of the Expert Reports of Chris Bartone and Vince Thomas (Doc. No. 184) and **DENIES**

- 1 -

Defendant ZTE's Motion to Strike Plaintiff Fractus' Expert Reports of Dr. Stuart Long (Doc. Nos. 200 and 186) and Defendant ZTE's Motion to Strike the Reports and Testimony of Robert Mills Pursuant to *Daubert* [Under Seal] (Doc. Nos. 194 and 188).

### A. Plaintiff Fractus' Motion to Strike Portions of The Expert Reports of Chris Bartone and Vince Thomas (Doc. No. 184).

The Plaintiff, Fractus, S.A. ("Fractus") has moved the Court to strike portions of the reports of two of ZTE's experts. The reports at issue are the rebuttal report of Chris Bartone, ZTE's non-infringement expert, and the report of Vince Thomas, ZTE's damages expert.

Fractus asserts that two portions of Mr. Bartone's report should be stricken. According to Fractus, the first portion of this report that should be stricken raises an infringement defense that was not previously disclosed and the second portion of this report relates to a non-infringing alternative that was also not previously disclosed. Fractus asserts that since ZTE had not previously disclosed the theory of non-infringement and the non-infringing alternative, ZTE should not be allowed to introduce either of these into this litigation at this point.

Regarding the report of Mr. Thomas, ZTE's damages expert, Fractus argues that a portion of this report should be stricken because this portion relies on the previously undisclosed non infringing alternative that is included in Mr. Bartone's report.

Regarding the non-infringing alternative issue, Fractus served on ZTE an interrogatory that specifically requested ZTE to identify any asserted non-infringing alternatives. This was Fractus' Interrogatory No. 5 which read as follows:

> For each asserted claim identify any products you contend are acceptable non-infringing alternatives to the patented products, identifying with specificity which claim elements asserted in Fractus' infringement contentions you contend are absent from such non-infringing alternatives, and stating why those elements are missing and why the alternatives are acceptable to consumers.

Appendix in Support of Fractus' Motion to Strike at 9 (Doc. No. 184-2). ZTE failed to substantively respond to this interrogatory. In ZTE's response to this interrogatory, ZTE stated, "Defendant objects to this interrogatory to the extent that it seeks privileged information. Defendant further objects to this interrogatory as premature, given the stage of the case. Investigation continues." *Id*. Even though ZTE amended its interrogatory responses twice, it never amended or updated the response to this interrogatory.

In addition, Fractus, in a 30(b)(6) deposition notice, included the topic of:

> Any products you contend are acceptable non-infringing alternatives to the patented products, including which claim elements you contend are absent from such non-infringing alternatives, why those elements are missing, why the alternatives are acceptable to consumers, and the cost of manufacturing the alternatives.

*Id*. at 15. ZTE failed to provide a witness for this topic. *Id*. Instead, ZTE asserted "ZTE incorporates its General Objections. ZTE objects to this Topic as calling for the expert testimony." *Id*.

Despite ZTE's failure to identify any alleged alternative non-infringing devices or to provide a deposition witness for this topic, Mr. Bartone, in his rebuttal report, offered an opinion on a non-infringing alternative. Fractus asserts that, since ZTE had not previously informed Fractus that ZTE would assert this non infringing alternative, it cannot now introduce this non infringing alternative at this late stage of this case.

ZTE responds that striking the portions of these expert reports is not warranted because Fractus was not harmed by any asserted failure to disclose non-infringing alternatives and if Fractus was harmed, this was due to Fractus' own failure to further pursue discovery on the issue. In support of these conclusions, ZTE asserts that ZTE made it clear to Fractus that it was ZTE's position that the subject of non-infringing alternatives is an area that requires expert testimony; Fractus failed to complain about this assertion; Fractus was aware of the issue when this Court reopened fact discovery after this case was transferred to this Court; and the expert's testimony was rebuttal testimony which addressed non-infringing alternatives in response to Fractus' infringement expert's report.

When a party fails to disclose information in response to a discovery request or fails to identify a witness, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The Court agrees with Fractus that the portions of ZTE's expert reports that attempt to introduce evidence of non-infringing alternatives should be stricken because

ZTE's failure to identify non-infringing alternatives during fact discovery was neither substantially justified nor harmless. It is clear from the record that Fractus served proper discovery requests on ZTE. These requests asked ZTE to identify any devices that it contended were acceptable non-infringing alternatives. In response, ZTE did not assert that this was the subject of expert testimony. Instead, it asserted that this called for privileged information and was premature considering the status of the case. It also asserted that it was still investigating the issue. ZTE, however, completely failed to supplement this response in any way during the time period in which fact discovery was open. In regards to the deposition topic, ZTE asserted that this was the subject of expert testimony. ZTE, in its briefing on this issue, focuses on the assertion that the deposition topic was the subject of expert testimony. This argument fails to acknowledge that this objection was not raised in relation to the interrogatory.

Even if ZTE has properly asserted the expert testimony objection to the interrogatory, this does not relieve ZTE from the obligation to respond to the extent that the information requested is not the subject of expert testimony.

Both the interrogatory and the deposition topic are contention discovery requests. These are designed to discovery basic factual contentions of an opposing party which provides the benefit of clarifying what factual issues must be addressed in a case. In this specific discovery, Fractus asked ZTE to identify and provide information about any devices which ZTE contends are acceptable non-infringing devices. The identification of what ZTE contends are acceptable non-infringing devices would have

clarified the areas of factual dispute in this case. Instead, ZTE chose to ignore this contention inquiry under the guise of protection of its expert testimony objection. While specific details as to how any acceptable non-infringing devices may be the subject of expert testimony depending on the circumstances, the simple identification of acceptable non-infringing devices is not. This merely ask for the identification of the devices that ZTE contends are non-infringing alternatives. This is very much akin to the parties' requirement to serve infringement and invalidity contentions in a patent infringement suit. The parties must exchange their contentions on these issues to make clear what the issues in the case are. Whether or not these contentions must later be proven by fact or expert evidence has no bearing on what the actual contentions are and a party's obligation to assert those contentions.

In this situation, ZTE failed to assert the acceptable non-infringing alternative contentions until it served its non-infringement expert's rebuttal report. This failure was not substantially justified.

The failure to respond was also not harmless. The Court has analyzed all of ZTE's arguments as to how Fractus was not harmed by the failure to respond to the interrogatory or to provide a witness on the subject and how, if ZTE was harmed, this was due to ZTE's own failure to pursue responses through, for example, a motion to compel. The Court is not persuaded by any of these arguments. Introduction of a new contention that there was an acceptable non-infringing alternative, at this late stage of the litigation, is not harmless to Fractus. All discovery has been completed in this case,

and Fractus would be deprived of conducting discovery on the contention and of developing its theories regarding the non-infringing alternative. In addition, it was ZTE's obligation to fully respond to fact discovery to the extent that the responses did not require expert testimony. ZTE did not do this. ZTE cannot now attempt to shift the responsibility and burden onto Fractus, which is what all of ZTE's arguments against striking these portions of the expert reports attempt to do.

For this reason, the Court **GRANTS** the relief requested and **STRIKES** the portion of the report of Chris Bartone that opine on the subject of acceptable non-infringing alternatives, which are identified as paragraphs 142-153 of the Expert Rebuttal Report of Dr. Chris G. Bartone, P.E. In addition, the Court **STRIKES** all portions of ZTE's damages expert report of Vince Thomas that rely on the stricken testimony of Mr. Bartone, which are identified as paragraphs 36 and 91 of the Rebuttal Expert Report of Vincent A. Thomas, CPA, CVA, CFF, ABV. The Court **ORDERS** that neither expert shall opine on the stricken subject matter at trial of this case.

Fractus also asserts that the Court should strike another portion of the ZTE's non-infringement expert's report because that portion includes what Fractus asserts is a previously undisclosed theory of non-infringement.

This asserted new non-infringement theory involves ZTE's expert's opinion regarding claim limitations which require multiband antennas to have different portions that operate at different frequencies. In the rebuttal to Fractus' non-infringement expert report, ZTE's expert offers his opinion that the lowest of these

frequencies would be associated with the largest portion of the antenna. Fractus asserts that this is a new theory of infringement because, although ZTE had already asserted that the accused devices did not meet the limitations requiring multiple portions of the antennas to operate at multiple frequencies, ZTE did not assert that there was a relationship between a frequency and the size of the portion of an antenna that radiated at that frequency, compared to the other frequencies of the antenna and the size of the portion of the antenna that radiated at the other frequencies.

Fractus asserts that because ZTE did not explain this in response to a contention interrogatory, this alleged new infringement theory should be stricken from the expert's report. In particular, Fractus points to its Interrogatory No. 1, which read as follows:

> Identify each limitation of each asserted claim in Plaintiffs' Patent Rule 3-1 infringement contentions that you contend is not met by the Accused Products and explain why you contend the limitations is not met, including identifying documents that support or substantiate your contention that the limitation is not met.

In response to the interrogatory, ZTE identified the claim limitations that it asserts are not present in the accused devices. This included the assertion that the accused devices did not meet the multilevel structure requirement of the asserted claims. Appendix in Support of Defendant ZTE (USA)'s Opposition to Plaintiff Fractus' Motion to Strike Portions of The Expert Reports of Chris Bartone and Vince Thomas at 6 (Doc. No. 212). ZTE also asserted that further detailed explanation of how the accused devices do not meet these limitations is the subject of expert discovery, which would be disclosed according to deadlines for disclosing expert discovery. *Id*. In essence,

ZTE argues that it complied with the factual contention portion of this interrogatory by identifying which claim elements were in contention in this case and it was not further obligated in the response to this interrogatory to provide a non-infringement analysis as to why the limitations were not met because this was the subject of expert testimony.

The Court agrees with ZTE on this issue. Factual contentions as to what elements are not present in an accused device are the proper subject of fact discovery, but application the claim limitations to the accused devices to show how those elements are not met in the accused devices is often the subject of expert testimony. When that application of the claim limitations to the accused device is in a realm that requires expert testimony, this information should be disclosed in the context and timelines relevant to expert discovery, not fact discovery. That is the case here. ZTE provided the factual contention and followed up with the expert evidence that it asserts proves those factual contentions.

For these reasons, the Court **DENIES**, the motion to strike the portions of the expert report of Mr. Bartome that relate to what Fractus asserts is a previously undisclosed theory of non-infringement.

**B. Defendant's Motion to Strike Plaintiff Fractus' Expert Reports of Dr. Stuart Long (Doc. Nos. 200 and 186).**

In this motion, ZTE requests that the Court strike the expert reports of Dr. Stuart Long, Fractus' infringement expert because, according to ZTE, the reports are

unreliable and not grounded in sufficient facts and data. Fractus asserts that both Dr. Long's initial report and rebuttal report should be stricken in full of for failing to comply with Fed. R. Civ. P. 26; that certain sections of Dr. Long's initial report be stricken under Fed. R. Evid. 702 and 403; and that certain sections of Dr. Long's rebuttal report be stricken under Fed. R. Evid. 702 and 403.

Under Fed. R. Civ. P. 26, a party must disclose "a complete statement of all opinions" an expert "witness will express and the basis and reason" for those opinions. Fed. R. Civ. P. 26 (a)(2)(B). In addition, the party must disclose any "facts or data considered" by the expert witness in forming those opinions. *Id*.

Under Fed. R. Evid. 702, an expert may offer opinion testimony if (a) the expert's … knowledge will help the trier of fact …; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. Under Fed. R. Evid. 702, expert evidence must not only be relevant, but is also must be reliable. *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579, 589 (1993). An expert opinion based on insufficient information is unreliable. *Seaman v. Seacor Marine LLC*, 326 Fed. App'x 721, 724 (5th Cir. 2009); *Knight v. Kirby Inland Marine, Inc.* 482 F.3d 347, 354–55 (5th Cir. 2007).

Under Fed. R. Evid. 403, a court may exclude relevant evidence if its probative value is substantially outweighed by a danger of … "unfair prejudice, confusing the issues," or "confusing the jury." Fed. R. Evid. 403.

Regarding ZTE's Fed. R. Civ. P. 26 argument, ZTE asserts that neither of Dr. Long's reports contain all of the relevant facts and data that Dr. Long used to generate his opinions. Because of this, according to ZTE, they do not meet the disclosure requirements of Fed. R. Civ. P. 26 and should be stricken. The basis for ZTE's assertion is Dr. Long's deposition testimony. During his deposition, Dr. Long was asked if his reports included all of the relevant facts or data that he considered in forming his opinions. Appendix in Support of ZTE (USA), Inc.'s Motion to Strike Plaintiff Fractus' Expert Reports of Dr. Stuart Long at 29 (Doc. No. 202). Dr. Long's response to this question was "…. most likely no." *Id*. However, he clarified that he did not believe that he left anything important out of the report and the things left out of the report that he was referring to were ancillary or in some ways nor germane to the particulars of his opinion. *Id*. ZTE then goes on to provide a long list of things that it asserts are incorrect or missing from the report. These are based on the fact that Dr. Long testified that he did not personally run many of the tests referenced in his reports and that he did not create the photographs, diagrams, and images in the reports. According to ZTE, this fails to comply with Fed. R. Civ. P. 26 because the reports do not have the facts and data relied on by Dr. Long in forming his opinions.

ZTE also argues that portions of the report should be stricken because they are unreliable under Fed. R. Evid. 702 and *Daubert*. ZTE's basis for this assertion is essentially the same as the basis in support of its argument under Fed. R. Civ. P. 26, which is that Dr. Long did not perform the tests himself, did not know or did not

disclose certain test variables, did not know or disclose who created the photographs, figures, and graphs in his report, and did not connect the alleged commercial success of the accused devices to the claimed invention of the asserted patents. According to ZTE, this renders the expert evidence unreliable.

Likewise, ZTE also uses the same basis to assert that the danger of prejudice and misleading the jury associated with Dr. Long's testimony outweighs the probative value. Because of this certain, ZTE argues that portions of his report should be stricken under Fed. R. Evid. 403.

The Court has fully analyzed each of ZTE's asserted reasons as to why the reports or portions of the reports should be stricken under Fed. R. Civ. P. 26; Fed. R. Evid. 702; and Fed. R. Evid. 403. The Court disagrees with ZTE as to all of its arguments.

Regarding ZTE's Fed R. Civ. P. 26 argument, while Dr. Long testified at deposition that he did not personally perform the tests referenced in the report, he did assert that the tests were done under his direction and that he included in his report all the information that he believes is germane to the opinions that he offered. The requirement under Fed. R. Civ. P. 26 is for the report to include all data and facts that he considered in forming the opinions. Dr. Long stated that he did this by including all of the facts and data that he believes are relevant to forming his opinions.

Regarding ZTE's arguments based on Fed. R. Evid. 702 and Fed. R. Evid. 403, these arguments go to the weight that should be placed on Dr. Long's testimony and not to the reliability of the evidence.

For these reasons, the Court **DENIES** in full ZTE's Motion to Strike Plaintiff Fractus' Expert Reports of Dr. Stuart Long (Doc. Nos. 200 and 186).

**C. Defendant ZTE (USA), Inc.'s Motion to Strike The Reports and Testimony of Robert Mills Pursuant to *Daubert* [Under Seal] (Doc. Nos. 194 and 188).**

ZTE has also moved the Court to strike the entire expert report and the entire supplement expert report of Robert Mills. Mr. Mills is Fractus' damages expert. ZTE specifically challenges Mr. Mills' determination of the starting royalty rate and effective royalty rate used to determine what Fractus' damages would be if the accused devices were found to infringe the claims of the patents in suit. ZTE also challenges Mr. Mills' alternative damages calculation as being unreliable because the alternative damages calculations are based upon industry estimated sales of accused devices instead of actual sales data.

ZTE challenges the starting royalty rate and effective royalty rate under Fed. R. Evid. 702 and *Daubert*. Mr. Mills used past licensing agreements between Fractus and other parties to determine the starting and effective royalty rates at issue. According to ZTE, Mr. Mills failed to take into consideration certain facts related to those previous licenses and his failure to do so resulted in skewing the starting and effective royalty rates so that Mr. Mills' ultimate royalty rate is not reliable evidence of the reasonable royalty rate that Fractus must prove at trial.

The Court disagrees with ZTE. ZTE does not challenge the math or methods used by Mr. Mills to determine his opinion as to the reasonable royalty rate. Instead,

ZTE simply challenges the facts that Mr. Mills used as a starting point to determine the reasonable royalty rate. This is not an issue of the reliability of the evidence. It is an issue of the weight to be placed on the evidence.

Regarding ZTE's challenge to Mr. Mills' alternative damages calculations, ZTE argues that these should be stricken under Fed. R. Evid. 702 as being unreliable and under Fed. R. Evid. 403 because the probative value of the evidence outweighs the potential of misleading the jury. ZTE does not challenge the math or methods used to generate the alternative damages calculations. ZTE challenges the source of the information Mr. Mills used to determine the volume of sales of accused devices. In these alternative damages calculations, Mr. Mills used industry sales estimates generated by a third party that is in the business of estimating the number of cell phones sold by various manufacturers. ZTE asserts that the actual sales data provided by ZTE is a much more reliable way to determine the number of accused devices that were sold and that the calculations based on the estimates should be stricken from the report.

The Court disagrees with ZTE that the use of industry sales estimates renders this expert testimony unreliable or misleading. It is clear from Mr. Mills' testimony that these are based on estimated sales data. A jury will be able to understand the implications of using estimated sales data as opposed to actual sales data. In addition, it is also clear that this is an alternative damages calculation. Mr. Mills also offers damages calculation based on the sales information that Fractus was able to obtain

from ZTE. It is also clear from the course of this litigation that Fractus appears to assert that ZTE's actual sales numbers are not truly reflective of actual sales of accused devices. Considering all of this, ZTE's argument regarding the use of estimated sales numbers to produce alternative damages calculations really goes to the weight to be given to the evidence, not to the reliability of the evidence.

Since all of the arguments asserted by ZTE in support of striking Mr. Mills' testimony go to the weight to be placed on the evidence and not the reliability of the evidence, the Court **DENIES** in full Defendant ZTE (USA), Inc.'s Motion to Strike the Reports and Testimony of Robert Mills Pursuant to Daubert [Under Seal] (Doc. Nos. 194 and 188).

**G. Conclusion**

The Court **GRANTS** in part Plaintiff Fractus' Motion to Strike Portions of the Expert Reports of Chris Bartone and Vince Thomas (Doc. No. 184). The Court **STRIKES** the portion of the report of Chris Bartone that opines on the subject of acceptable non infringing alternatives, which are paragraphs 142-153 of the Expert Rebuttal Report of Dr. Chris G. Bartone, P.E. The Court **STRIKES** all portions of ZTE's damages expert report of Vince Thomas that rely on the stricken testimony of Mr. Bartone, which are paragraphs 36 and 91 of the Rebuttal Expert Report of Vincent A. Thomas, CPA, CVA, CFF, ABV. The Court **DENIES** all other relief requested in Plaintiff Fractus' Motion to Strike Portions of The Expert Reports of Chris Bartone and Vince Thomas (Doc. No. 184).

The Court **DENIES** Defendant ZTE (USA), Inc.'s Motion to Strike the Reports and Testimony of Robert Mills Pursuant to Daubert [Under Seal] (Doc. Nos. 194 and 188) and Defendant's Motion to Strike Plaintiff Fractus' Expert Reports of Dr. Stuart Long (Doc. Nos. 200 and 186).

**SO ORDERED.**

Signed November 4th, 2019.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE